IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KWASI MCKINNEY                                                                PLAINTIFF

v.                                    Civil No. 1:18-cv-01066

JOHNNY HAYES, 13th Judicial Drug Task
Force (DTF); HOUSTON BRADSHAW, DTF; and
JONATHAN CHAMBERS, DTF                                                        DEFENDANTS

## ORDER

Plaintiff, currently an inmate of the Varner Unit of the Arkansas Department of Correction, has filed a civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.* The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. Pursuant to the PLRA, the Court is obligated to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

Plaintiff alleges that Defendants, who are all assigned to the 13th Judicial Drug Task Force, illegally used a wiretap to intercept conversations about two drug transactions. (ECF No. 5). The information obtained in the wiretap was used to obtain a warrant to search the Plaintiff's residence. (*Id*). Plaintiff was then convicted with the evidence derived from these allegedly unlawful searches. (*Id*). Plaintiff was subsequently sentenced to 154 years in the Arkansas Department of Correction.

As relief, Plaintiff seeks an order declaring that the Defendants violated his Fourth and Fourteenth Amendment rights. Plaintiff also seeks "general damages" and punitive damages.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

In *Heck v. Humphrey*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 486-87 (1994). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence

has already been invalidated." *Id.* at 487. However, "some section 1983 actions, 'even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment' against a plaintiff and should be allowed to proceed." *Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (quoting *Heck*, 512 U.S. at 487 n.7).

In this case, Plaintiff seeks not only money damages stemming from the alleged unconstitutional wiretap but also a declaration that Defendants violated his Fourth and Fourteenth Amendment rights. Further, Plaintiff contends that all evidence used to convict him was obtained illegally. Consequently, the success of the Plaintiff's claims would necessarily call his conviction into question. Therefore, Plaintiff's claims may not proceed. *See, e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* in § 1983 suit seeking declaratory relief and money damages).

## IV. CONCLUSION

Plaintiff's claims are barred by *Heck*. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge